IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PACIFIC GLASS & ALUMINUM, INC., <br><br> Defendant. | No. C-06-7448 EDL <br><br> **ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT** |

Plaintiff's application for default judgment against Defendant Pacific Glass & Aluminum came on for hearing on January 8, 2008. Attorney Muriel Kaplan appeared for Plaintiffs. Defendant appeared at the hearing through its President Ken Greenhaw. Both parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636c.

At the January 8, 2008 hearing, Defendant contested the results of Plaintiffs' audit of his records. Thereafter, the Court denied without prejudice Plaintiffs' motion for default judgment, and ordered the parties to meet and confer regarding Defendant's questions about the audit and to report to the Court on the status of the case no later than January 14, 2008. On January 14, 2008, Plaintiffs filed a Notice of Outcome of Meet and Confer Between Parties explaining that Defendant was to provide additional information to Plaintiffs.

On March 11, 2008, Plaintiffs filed a Request to Vacate Case Management Conference and Request to Enter Judgment, reporting that while Defendant had provided some additional documentation, he had not responded to Plaintiffs' subsequent communications regarding this matter. On March 12, 2008, the Court issued an order construing Plaintiffs' Request as renewing Plaintiffs' Motion for Default Judgment that was denied without prejudice on January 9, 2008, and

permitting Defendant to file an opposition no later than March 21, 2008 and Plaintiffs to file a reply no later than March 28, 2008. Neither party made any filings in response to the Court's March 12, 2008 Order. Accordingly, the Court rules as follows on Plaintiffs' Renewed Motion for Default Judgment.

On December 5, 2006, Plaintiffs filed a complaint under sections 1132 and 1145 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a), alleging that Defendant violated a collective bargaining agreement by failing to make the required contributions to the Plaintiff Trustees. The complaint sought payment of delinquent contributions, liquidated damages, interest, costs, and attorney's fees.

On December 18, 2006, Defendant was served with the summons and complaint. Defendant failed to answer the complaint or otherwise defend the action. On January 18, 2007, upon Plaintiffs' request, the Clerk of this Court entered Defendant's default under Federal Rule of Civil Procedure 55(a). By its default, Defendant is deemed to have admitted the well-pleaded averments of the complaint except those as to the amount of damages. See Fed. R. Civ. P. 8(d).

A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. See Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 520. Defendant is not an unrepresented minor, incompetent or in military service. See Declaration of Muriel Kaplan ¶ 7.

In an action to enforce payment of delinquent contributions, "the court shall award the plan - (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) . . . (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs . . . ." 29 U.S.C. § 1132(g)(2). An award under section 1132(g)(2) is appropriate based on the amount of contributions that were delinquent at the time of suit, even if the defendant tendered the unpaid contributions prior to judgment. See Northwest Adm'rs, Inc. v. Albertson's, Inc., 104 F.3d 253, 258 (9th Cir. 1996) (quoting Carpenters Amended and Restated Health Benefit Fund v. John W. Ryan Constr. Co., Inc., 767 F.2d 1170, 1175 (5th Cir. 1985)) ("[M]andatory fees are available under §

2

1132(g)(2) 'notwithstanding the defendant's post-suit, pre-judgment payment of the delinquent contributions themselves.'"); Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mechanical Contractors, Inc., 875 F.2d 212, 215-16 (9th Cir. 1989) ("[W]hen (1) the fiduciary obtains a judgment in favor of the plan, (2) unpaid contributions exist at the time of suit, and (3) the plan provides for liquidated damages," section 1132(g)(2) is triggered and a liquidated damage award is mandatory.); see also Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, Inc., 68 F.3d 1502, 1507 (2nd Cir. 1995) ("the amount of an award of interest or liquidated damages should logically be predicated upon the amount of the unpaid contributions originally at issue, whether or not outstanding at the time of judgment, since that amount correctly measures the damage caused by the delinquency."); Board of Trustees of the Sheet Metal Workers v. General Facilities, Inc., 2003 WL 1790837, * 2 (N.D. Cal. March 31, 2003) (citing Carpenters & Joiners Welfare Fund v. Gittleman Corp., 857 F.2d 476, 478 (8th Cir. 1988)) ("Section 1132 provides for liquidated damages as a percentage of 'unpaid contributions' and courts have interpreted 'unpaid contributions' to mean contributions owing and unpaid at the time the lawsuit is filed.").

Plaintiffs have the burden of proving their damages through testimony or written affidavit. To prove Plaintiffs' damages, Plaintiffs submitted declarations of Muriel Kaplan, Plaintiffs' counsel, and Janet Dominguez, an employee of Lindquist LLP, a certified public accounting firm.

Defendant entered into and was bound by the terms of the Northern California Glazierrs Master Agreement between District Council No. 16 and Northern California Glass Management - an FCA Affiliate ("collective bargaining agreement"), and the Northern California Glaziers, Architectural Metal and Glass Workers Welfare Trust Agreement.  Kaplan Decl. ¶¶ 3, 4; Exs. A, B. The agreements require Defendant to make regular benefit contributions, and provide for liquidated damages and interest in the event that benefit contributions are not properly made.  See Compl. ¶ 18; Kaplan Decl. ¶¶ 3, 4; Exs. A, B.  Defendant never contested being so bound to these agreements, and acknowledged its contractual obligations by previously submitting monthly reports of contributions as required by the agreements.  Kaplan Decl. ¶ 3.

An audit of Defendant's records for the time period of September 1, 2003 through March 31, 2006 was conducted and a final report was issued on or about September 13, 2007.  The audit

1 revealed that unpaid benefits contributions in the amount of $5,130.60 had not been submitted to the
2 Trust Funds.  Declaration of Janet Dominguez ¶ 3, Ex. A.
3     Plaintiffs request liquidated damages in the amount of $1,026.12  for the period from
4 September 1, 2003 through March 31, 2006.  Kaplan Decl. ¶ 10.  Liquidated damages are charged at
5 the rate of 20% of the contributions owed.  Kaplan Decl. ¶ 10; Ex. B at 5.
6     Plaintiffs seek interest through January 8, 2008 as provided in the collective bargaining
7 agreement and the trust agreements on the sum of unpaid contributions from in the amount of
8 $757.51.  Kaplan Decl. ¶ 10; Ex. B at 5.  As provided in the various trust agreements, interest is
9 calculated at the rate of 8% per annum on the total of unpaid contributions and liquidated damages.
10 Id.
11     Attorney's fees and costs of action may be awarded to a Trust Fund or Employee Benefit
12 Plan that receives a judgment in its favor.  See 29 U.S.C. § 1132(g)(2)(D).  Plaintiffs have submitted
13 declarations of attorney Muriel Kaplan to prove attorney's fees and costs.  Ms. Kaplan calculates
14 that she spent 4.9 hours at the rate of $180.00 per hour for the period from December 5, 2006
15 through June 30, 2007 and 19.3 hours at the rate of $185.00 per hour for the period from July 1,
16 2007 through March 8, 2008 prosecuting this action.  Kaplan Decl. ¶ 12; Kaplan Decl. (March 11,
17 2008) ¶ 9.  Associate attorney Michele Stafford spent 2.0 hours from December 5, 2006 through
18 June 30, 2007, when her time was billed at the rate of $175.00 per hour, and 1.0 hour from July 1,
19 2007 through March 8, 2008 when her time was billed at the rate of $180.00 per hour.  Kaplan Decl.
20 ¶ 12; Kaplan Decl. (March 11, 2008) ¶ 9.  Paralegal Tamra Brown spent 2.9 hours from December 5,
21 2006 through February 15, 2007 when her time was billed at the rate of $100.00 per hour.  Kaplan
22 Decl. ¶ 10.  Paralegal Vanessa de Fabrega spent 7.1 hours from December 5, 2006 through June 30,
23 2007 when her time was billed at the rate of $100.00 per hour, and 18.0 hours from July 1, 2007
24 through March 8, 2008 when her time was billed at the rate of $105.00 per hour.  Id.; Kaplan Decl.
25 (March 11, 2008) ¶ 9.  Paralegal Andrea Gonzalez spent 1.8 hours from July 1, 2007 through March
26 8, 2008 when her time was billed at a rate of $105.00 per hour.  Kaplan Decl. ¶ 10; Kaplan Decl.
27 (March 11, 2008) ¶ 9.  The total amount of fees requested is $8,061.50.  Id. ¶ 10; Kaplan Decl.
28 (March 11, 2008) ¶ 9.  The amount of time expended and the billing rates are reasonable given the

4

work performed.

Plaintiffs' costs for prosecuting this action in the amount of $683.00, consisting of court filing and service fees, are reasonable. Kaplan Decl. ¶ 7. Plaintiffs are also entitled to the audit testing fees in the amount of $544.00. Dominguez Decl. ¶ 5; Kaplan Decl. ¶ 10, Ex. B at 6-7; Ex. C.

For the foregoing reasons, the Court recommends that judgment be entered in Plaintiffs' favor for $5,130.60 in unpaid contributions, $1,026.12 in liquidated damages, $757.51 in interest through the date of the hearing, $8,061.50 in attorney's fees and $1,227.00 in costs (including the audit cost), for a total of $16,202.73 the entire amount of which is to accrue interest at the rate of 8% from the date of this order until paid.

**IT IS SO ORDERED.**

Dated:   April 3, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge